440 A.2d 570

## COMMONWEALTH of Pennsylvania,

v.

## Edward Joseph FISHER and Royal Napoleon Landry, Appellants.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Jan. 19, 1982.

Petition for Allowance of Appeal Denied May 5, 1982.

488

Basil G. Russin, Wilkes-Barre, for appellants.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, MONTEMURO and DiSALLE,* JJ.

DiSALLE, Judge:

The appellants, Edward Fisher and Royal Napoleon Landry, were found guilty in a non-jury trial of criminal conspiracy[1] and possession of unstamped cigarettes.[2] They were subsequently sentenced to be imprisoned for one to three years on the possession charge and one to two years on the conspiracy charge, the sentences to run concurrently. Following the appellants' Petition for Reconsideration of Sentence,[3] the lower court reduced their sentences to six months to twenty-three and one-half months imprisonment on each charge, the sentences to run concurrently.

Appellants were arrested after 14,100 contraband cartons of cigarettes were discovered in the vehicle in which they were riding. The probable cause section of the search warrant explains the circumstances surrounding the arrest:

Defendant was traveling East on I-80, at MP266. Trooper observed above described vehicle while operating Radar. Defendant was stopped for exceeding the speed limit for several miles. Trooper observed camper body-windows sealed with a type of fabric or material to prevent anyone from seeing inside. Tpr. Jesse's experience in the past indicates that this type of vehicle is indicative of cigarette smuggler. Tpr. Jesse has been

---

* Decision was rendered prior to Di SALLE, J., leaving the bench of the Superior Court of Pennsylvania.

1. 18 Pa.C.S.A. § 903.

2. Act of July 22, 1970, P.L. 513, No. 178, art. IX, § 903. As amended July 7, 1978, P.L. 746, No. 139, § 1, eff. in 60 days, 72 P.S. § 3169.903(b) and (c) (Supp.1981–82).

3. Pa.R.Crim.P. 1410.

responsible for seven other successful prosecutions for cigarette smuggling. On closer examination Tpr. Jesse observed the rear door of the camper was slightly pulled out and noticed a brown carton which is indicative of packaging cigarettes. Conversation ensued that [sic] Hazleton S, Station and Edward Fisher made an oral admition [sic] that cigarettes were in the camper.

Following the stop, appellants drove to the State Police Station, complying with Trooper Jesse's request to follow him there. The stated purpose of this request was to await a registration check on the camper. Before the registration check had been completed, and after appellant Fisher had refused to give his consent to a search of the camper, he was told by the officer that he was "*free to go.*" As he was about to leave, he suddenly exclaimed: "ah hell, I might as well tell you. There are cigarettes on the camper." At this point, the officers obtained the warrant and searched the vehicle.

The appellants' first contention is that the trial court erred in denying their motion to suppress the evidence as the fruit of an illegal stop. They argue that their camper was illegally stopped based upon a radar check that showed they were within the six miles per hour margin provided by statute.[4] They also argue that even if they were legally stopped they were illegally ordered to follow Trooper Jesse to the State Police Station based solely upon the trooper's suspicions that the appellants were smuggling something.

We disagree with both of the appellants' arguments and hold that the lower court ruled properly. The appellants' first argument, that they were illegally stopped, is incorrect. The radar statute permits a person to be *convicted* only if the radar records their motor vehicle to be traveling at "six or more miles per hour in excess of the legal speed limit." 75 Pa.C.S.A. § 3368. The statute is silent as to when a motor vehicle may be *stopped* for a speed warning or other cause. Any police officer may stop a

**4.** 75 Pa.C.S.A. § 3368(c)(2).

motor vehicle if he reasonably believes a provision of the Motor Vehicle Code is being violated and request, inter alia, a registration check.[5]  Here, the trooper was justified in stopping the appellants' vehicle because he reasonably believed that it was traveling in excess of the legal speed limit.

■  The appellants' second argument, that they were illegally ordered to follow Trooper Jesse to the State Police Station, is not supported by the record.  Trooper Jesse testified that he asked the appellants to follow him to the station to await a check on the camper's registration.  He made this request because the camper had a Florida registration and it would take time to check the registration. The Trooper, therefore, had ample authority to ask the appellants to follow him to the police station.  The lower court, therefore, properly denied appellants' motion to suppress the evidence as the fruit of an illegal stop.

■  The appellants' second contention is that the lower court erred in denying their motion to suppress the search warrant and the evidence obtained under it.  They argue that no *Miranda* warnings were given to them, that the trooper's testimony that appellant Fisher had made his admission after he was told he could leave is incredible, and that without the admission there is not sufficient probable cause to support the search warrant.[6]  We again disagree with the appellants' arguments and hold that the lower court acted correctly.  In *Commonwealth v. Hunt*, 263 Pa. Super. 504, 509, 398 A.2d 690, 692 (1979), our court stated that:

**5.**  75 Pa.C.S.A. § 6308.

**6.**  The appellants also contend that the probable cause section of the search warrant contains conclusions rather than facts and is therefore unable to support the issuance of the warrant.  The alleged conclusions are:

(1) "[the] camper body-windows [were] sealed with a type of fabric or material to prevent anyone from seeing inside." and

(2) "[the trooper] noticed a brown carton which is indicative of packaging cigarettes."  These alleged conclusions may be, at worst, somewhat suspect.  In any event, they do not affect the validity of the probable cause section of the warrant.

The burden rests with the Commonwealth to show voluntariness of a confession by a preponderance of credible evidence. . . . Our duty on review is to determine whether the record supports the factual and legal findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we are to consider only the evidence of the Commonwealth's witnesses and so much of the evidence for the defense as, fairly read in context of the record as a whole, remains uncontradicted.

(Citations omitted).

Here, the record supports the lower court's findings that the admission was voluntarily, willingly, and intelligently made. *Id.* The absence of *Miranda* warnings is irrelevant because the admission was voluntary and made after appellants were told they were "free to go." *Commonwealth v. Sero*, 478 Pa. 440, 387 A.2d 63 (1978). As to the credibility of the trooper's testimony, that is for the fact finder to decide. *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). Because the admission was properly included in the probable cause section, there was sufficient cause for the issuance of the search warrant.

The appellants' third contention is that the Commonwealth failed to prove an essential element of the possession charge and, therefore, the lower court should have granted their demurrer. Appellants were charged and convicted of violating the Pennsylvania Cigarette Tax Act; [7] specifically § 3169.903(b) and (c) which provide:

(b) *Any person other than a duly licensed stamping agency or other person specifically exempted by the provisions of this act* who shall possess one thousand or more cigarettes, the packages of which do not have affixed thereto the proper amount of genuine Pennsylvania cigarette tax stamps shall be guilty of a misdemeanor and upon conviction thereof shall be sentenced to a fine of not less than a thousand dollars ($1000) nor more than fifteen

7. Act of July 22, 1970, P.L. 513, No. 178, art. I, § 101, 72 P.S. § 3169.101 et seq. (Supp.1981–82).

thousand dollars ($15,000) and costs of prosecution or to suffer imprisonment for not more than three years, or both, at the discretion of the court.

(c) Any person who shall falsely or fraudulently, maliciously, intentionally or wilfully with intent to evade the payment of the Pennsylvania cigarette tax possess any pack of cigarettes which does not have affixed thereto the proper amount of genuine Pennsylvania cigarette tax stamps shall be guilty of a felony and upon conviction thereof shall be sentenced to pay a fine of not more than five thousand dollars ($5000) and costs of prosecution and to suffer imprisonment for a term of not more than five years.

(Emphasis added). The appellants argue that the Commonwealth failed to prove that appellants were not specifically exempt by the provisions of the Act as found in § 3169.-903(b).[8]

In *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979), our court was confronted with an exemption clause similar to the one involved in the present case.[9] The sole issue was whether the Commonwealth "must prove in every case, beyond a reasonable doubt, that the accused was not authorized to possess a controlled substance." *Id.*, 268 Pa.Super. at 490, 408 A.2d at 1109. Our court held that the defendant had the burden of coming forward with some evidence of authorization to possess a controlled substance

---

**8.** The only exemption clause contained in the Cigarette Act refers to the sale of cigarettes. But, even if that exemption clause were applicable in this case it would not aid the appellants because it states that "all sales shall be presumed to be taxable and the burden shall be upon the person claiming an exemption to prove his right thereto." 72 P.S. § 3169.204(b) (Supp.1981–82).

**9.** *Sojourner* involved a violation of The Controlled Substance, Drug, Device and Cosmetic Act. Act of April 14, 1972, P.L. 233, No. 64, § 1, eff. June 14, 1972, 35 P.S. § 780–101 et seq. The exemption clause provided:

'Contraband' means any controlled substance, other drug, device or cosmetic possessed by a person not authorized by law to possess such. . . .

35 P.S. § 780–102.

494

before the Commonwealth must prove nonauthorization beyond a reasonable doubt.

We find the reasoning in *Sojourner* to be applicable here and hold that the Commonwealth need not prove beyond a reasonable doubt that a defendant is not exempt under the Act unless and until the defendant comes forward with some evidence that he or she is exempt. Here, the appellants failed to produce any evidence that they were specifically exempted by the Act.[10] Appellants' demurrer, therefore, was properly denied.

Appellants' fourth contention, that the Commonwealth failed to prove beyond a reasonable doubt that the appellants intentionally or willfully intended to evade the payment of the Pennsylvania cigarette tax, is without merit. Appellants' possession of 14,100 cartons of contraband cigarettes is sufficient circumstantial evidence to find they had the necessary intent to violate the Pennsylvania Cigarette Tax Act. *See Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003 (1980).

The appellants' final contention is that the verdict is against the law. They make four separate arguments in support of this contention. Their first argument, that appellant Fisher was not served with a copy of the search warrant, is not supported by the record and is thus without merit. Their second argument, that they were not given the *Miranda* warning, has already been addressed and found to be without merit. Third, they argue that they were denied due process of law because the Commonwealth presented only 30 of the 14,100 cartons of the contraband cigarettes at trial; the balance having been sold at auction. There is no basis to this argument. To prove appellants guilty of violating the Pennsylvania Cigarette Tax Act, the Commonwealth need only prove that appellants were in possession of 1,000 cigarettes. 72 P.S. § 3169.903(b). Here, the Commonwealth proffered 30 cartons of cigarettes which contained 6,000

---

**10.** It is uncontested that the Commonwealth proved beyond a reasonable doubt that appellants were not duly licensed.

cigarettes (30 cartons × 10 packs per carton × 20 cigarettes per pack). Lastly, it is argued that no evidence was presented at trial to prove that appellant Landry was anything but a mere passenger in the camper. We agree; there is no evidence in the record to convict Landry as a co-conspirator.

Judgment of sentence as to appellant Fisher affirmed. Judgment of sentence as to appellant Landry vacated and he is discharged.

CAVANAUGH and MONTEMURO, JJ., concurred in the result.