## Commonwealth v. Nally

*Brendan J. Vanston,* district attorney for the Commonwealth of Pennsylvania.

*David P. Posatko,* for defendant.

GARDNER, *P.J.,* February 12, 1985—This matter arises as a result of the filing by defendant of an omnibus pre-trial motion, in the nature of a motion to suppress evidence.

Based upon the testimony received at a hearing conducted by this court on December 27, 1984, the court makes the following findings of fact:

1. In the early morning hours of August 24, 1984, two Tunkhannock Borough police officers, in operation in the said borough of a speed detection device, observed an automobile containing three male occupants, and later determined to be operated by the defendant, passed the parked position of the police vehicle four times in approximately five minutes and travelling at a slow rate of speed.

2. The police officers commenced mobile patrol but not with the intention of following the vehicle referred to in Paragraph 1.

3. The vehicle observed as set forth in Paragraph 1 was later observed by the police officers stopped on a street in Tunkhannock Borough with its door open.

4. The police officers then followed the vehicle first observed as set forth in Paragraph 1 through several parking lots and stopped the vehicle.

5. One of the police officers requested the operator of the vehicle for his operator's license, vehicular registration, and insurance card, and in the process of supplying the information, the operator, later determined to be defendant, opened the car door at which time drug paraphernalia identified as a

"bong" was observed by the officer, and the same was seized.

6. The police officer who prepared a probable cause affidavit, which stated that defendant's vehicle was stopped because its manner of operation was "suspicious", testified that the purpose of the stop was to obtain identification of the occupants.

7. The police officers were not aware, prior to the stop, of any violation of the Motor Vehicle Code by the operator or occupants of the stopped vehicle.

Both the defense and the Commonwealth cite section 6308(b) of the Motor Vehicle Code, as amended July 22, 1983, P.L. 122, §4, 75 Pa.C.S. §6308(b)[1], but disagree as to whether or not the prerequisite for a vehicular stop — "articulable and reasonable grounds to suspect a violation (of the Motor Vehicle Code)" — exists.

Defendant argues that operation in a "suspicious manner" is vague, and under the authority of Commonwealth v. Swanger, 453 Pa. 107, 307 A.2d 875 (1973), contends that the police officers in the instant matter did not have any reasonable grounds to suspect a violation of the Motor Vehicle Code.

The district attorney asserts that two sections of the code could possibly have been involved, section 3333[2] prohibiting movement of a vehicle which is stopped, standing or parked unless and until the

1. "Whenever a police officer has articulable and reasonable grounds to suspect a violation of this title, he may stop a vehicle, upon request or signal, for the purpose of inspecting the vehicle as to its equipment and operation, or vehicle identification number or engine number, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."

2. "No person shall move a vehicle which is stopped, standing or parked unless and until the movement can be made with safety."

movement can be made with safety, and the provisions in sections 3351, 3352, and 3353[3] of the Vehicle Code concerning leaving a vehicle unattended on a roadway.

We agree that the police officers did not have articulable and reasonable grounds to suspect a violation of the Motor Vehicle Code in this matter.

In the first place, the testimony is very clear that the police officers did not base their actions on a belief that any violation had occurred. It is not clear to us how the hindsight argument of the district attorney can be used to create something that could not have been articulated by the police officers at the time the vehicle was stopped.

The 1983 amendment as set forth in section 6308(a) of the Motor Vehicle Code is based upon virtually identical language in the original provision of the Code, the Act of June 17, 1976, P.L. 162, §1, 75 Pa.C.S. §6308, and its predecessor, the Motor Vehicle Code of 1959, except that in both the 1976 act and the 1959 code, the necessary basis for action by a police officer, "articulable and reasonable grounds to suspect a violation of the Motor Vehicle Code", were not included.

---

3. Section 3351 — "Outside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. . . ."

Section 3352-(b) "Any police officer may remove or cause to be removed to a place of safety any unattended vehicle illegally left standing upon any highway, bridge, causeway or in any tunnel, in such position or under such circumstances as to interfere unduly with the normal movement of traffic or constitute a safety hazard."

Section 3353 specifies numerous prohibitions pertaining to a stopped, standing or parked vehicle.

Therefore, it appears to us that the line of case authority, including Commonwealth v. Swanger, supra, Commonwealth v. Boyer, 236 Pa.Super. 214, 345 A.2d 187 (1975), Commonwealth v. Sojourner, 268 Pa.Super. 472, 408 A.2d 1100 (1979), and Commonwealth v. Fisher, 294 Pa.Super. 486, 440 A.2d 570 (1982), has now been legislatively enacted. It is also our opinion that the use of the word "reasonable" imports into the statutory language the basis for the decisions cited in this paragraph.

The word "articulable" has been neither judicially nor legislatively defined in the context of the Motor Vehicle Code. We are persuaded that the following definitions are appropriate:

"Articulable" — capable of being articulated.

"Articulate" — expressed in separate items or particulars.

Webster's Third New International Dictionary (unabridged).

The police officers in this matter, though without question well-meaning and dedicated, could not have articulated any particular concerning the operation of the defendant's vehicle, since there was no such particularity involved.

Because the "bong" was discovered as a result of an unlawful seizure in violation of the defendant's rights under the U.S. and Pennsylvania Constitutions, the use of the same in evidence must be suppressed.

## ORDER

And now, February 12, 1985, for the reasons set forth in the opinion of even date attached hereto,

It is ordered that the drug paraphernalia, identified as a "bong", seized by Commonwealth officers from the defendant in the above-captioned matter

on August 24, 1984 be and the same is hereby suppressed, and the same shall not be used as evidence in any trial of the above-captioned matter.