## Commonwealth v. Milby

*James P. Gregor, district attorney,* for the Commonwealth.

*Lawrence F. Finn,* for defendant.

O'BRIEN, *J.,* September 11, 1986—On July 6, 1985, defendant was arrested by Officer Thomas

Lynott of the Mount Pocono Police Department and charged with driving under the influence of alcohol in violation of 75 Pa.C.S. §3731. The officer requested defendant to submit to a chemical test to determine the alcoholic content of his blood but defendant refused. The officer submitted a report of the refusal to the Department of Transportation thereby triggering a 12 month suspension of Defendant's operating privileges. (See 75 Pa.C.S. §1547b). On January 7, 1986, defendant was admitted into the Accelerated Rehabilitative Disposition program for the July 6th offense, the terms of which included a 90 day suspension of operating privileges.

On February 25, 1986, Officer Thomas Lynott observed defendant driving his automobile in the Borough of Mount Pocono, pursued defendant and issued him a citation for driving under suspension. A trial de novo before this court was held on August 20, 1986 resulting in defendant's conviction for driving a motor vehicle while his operating privileges were suspended in violation of 75 Pa.C.S. §1543(b). Defendant has filed post-verdict motions which are now before the court for disposition.

Defendant's post-verdict motion reads as follows:
"That the conviction of defendant herein for driving a motor vehicle while his operating privileges were suspended should be arrested in that said conviction is based and founded upon evidence that was illegally procured in violation of defendant's constitutional (both State and Federal) rights to wit: the stopping of defendant's vehicle by the police was without the requisite probable cause and thus all evidence procured as a result thereof should have been suppressed as being illegally obtained."

Our Superior Court has noted with approval the statutory provision (75 Pa.C.S. §6308) authorizing

any police officer to stop any motor vehicle if he reasonably believes a provision of the Motor Vehicle Code is being violated. Commonwealth v. Fisher, 294 Pa. Super. 486, 440 A.2d 570 (1982). The precise issue raised by defendant in this case was adjudicated by Judge Donald Wieand in Commonwealth v. Riovo, 36 Lehigh Law Journal 334, Affirmed 234 Pa. Super. 709, 342 A.2d 428 (1975). In the Riovo case a Pennsylvania State Policeman observed a motorist, whom he had successfully prosecuted for driving under the influence several months before, operating a motor vehicle on a public highway. The State Policeman cited defendant for driving while under suspension. Defendant was found guilty at trial by the court. Defendant appealed arguing that an illegal arrest had been made because the officer had stopped him without probable cause. In rejecting defendant's argument, Judge Wieand wrote:

"Probable cause required merely that (the officer) have knowledge of facts and circumstances sufficient to excite an honest belief in a reasonable mind that defendant's license was under suspension."

In the instant case, Officer Lynott's knowledge that defendant had refused a chemical test which triggered a 12 month suspension and had been placed on ARD which included a 90 day suspension, clearly established probable cause sufficient to stop defendant on the day in question.

ORDER

And now, this September 11, 1986, defendant's post-verdict motions are denied. Defendant is directed to appear for sentencing at 9:30 a.m. on September 17, 1986 in Courtroom no. 2, Monroe County Courthouse, Stroudsburg, Pa.