## Commonwealth v. Schroder

C.P. of Monroe County, no. 885 Criminal 1995.

*Curtis J. Rogers, district attorney,* for the Commonwealth.

*George Royle,* for defendant.

O'BRIEN, *J.,* February 16, 1996—

## I. FINDINGS OF FACT

(1) On March 29, 1995 at approximately 10 a.m., a state police officer observed that neither the driver nor passenger of a passing motor vehicle was wearing a seat belt.

(2) When the officer turned his patrol car to pursue the vehicle, he observed the vehicle swerving beyond the travel lanes on an entrance ramp to Interstate 80.

(3) The officer initiated the traffic stop and when he approached the vehicle, he observed the smell of burnt marijuana emanating from the defendant's vehicle.

(4) The officer asked the defendant to get out of the car and when another trooper arrived at the scene, the officer initiated a pat-down search of the defendant.

(5) During the course of the pat-down search, the defendant gratuitously blurted out "what he's looking for is in my sock."

(6) When the officer looked in defendant's sock, he discovered a baggie containing marijuana.

(7) The officer arrested the defendant and he was later charged with possession of a small amount of marijuana for personal use.

## II. DISCUSSION

The Commonwealth has filed an information charging the defendant with possession of a small amount of marijuana for personal use in violation of 35 P.S. §780-113(a)(31)(i). Counsel for defendant has filed an omnibus pre-trial motion seeking suppression of the baggie of marijuana found in the defendant's sock and the statement by the defendant leading to the discovery of the marijuana. In his brief, counsel for defendant argues that "defendant contends that he was not stopped for any vehicle code violation; rather he was stopped as a continuation of Trooper Meenan's long-standing campaign of personal harassment of defendant, his friends and other young people." The Commonwealth's brief responds that these allegations of misconduct on the part of the trooper "are completely unsupported by any evidence and amount to little more than character assassination." The Commonwealth also denied defense counsel's request to grant use immunity to various other persons arrested by the trooper for drug violations as

a means of showing bias.[1] However, counsel for the defendant has not presented any authority to require the Commonwealth to grant such use immunity nor to demonstrate the relevance of other arrests on the legal issues involved in this proceeding.

In response to a motion to suppress evidence, the Commonwealth has the burden to prove by a preponderance of the evidence that the challenged evidence is admissible. *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968). In the case at bar, the Commonwealth must first establish that the officer had probable cause, based on specific articulable facts, that the defendant's vehicle was being operated in violation of the Motor Vehicle Code. *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975). A police officer properly executes a vehicle stop if he has specific facts which indicate to him that the vehicle or driver is in violation of the code. *Commonwealth v. DeWitt,* 530 Pa. 299, 304, 608 A.2d 1030, 1032 (1992).

In the case at bar, we credit the officer's testimony that he observed the defendant swerving outside his lane of travel in violation of 75 Pa.C.S. §3309 and not wearing a seat belt in violation of 75 Pa.C.S. §4581(a)(2). Indeed, the defendant conceded during his testimony at the suppression hearing the aforesaid violations. Therefore, we conclude that the police officer had reasonable and articulable grounds to believe that the vehicle and driver were in violation of the Motor Vehicle Code and, therefore, the stop of the motor vehicle was lawful. *Commonwealth v. McElory,* 428 Pa. Super. 69, 630 A.2d 35 (1993). Further, even if the

---

1. See "third request" of defendant's omnibus pre-trial motion.

seat belt offense was the only violation, an officer can effectuate a motor vehicle stop solely for the purposes of issuing the driver a warning. *Commonwealth v. Fisher,* 294 Pa. Super. 486, 440 A.2d 570 (1982).[2]

After stopping the vehicle, the officer ordered defendant out of the vehicle, at which time he commenced a pat-down of defendant. This court recognizes that a law enforcement officer has the right to conduct a pat-down, or *Terry*-frisk, of a person if he has reasonable suspicion that criminal activity is afoot and that the suspect might be armed. *Terry v. Ohio,* 392 U.S. 1 (1968); *Commonwealth v. Murray, supra.* We credit the officer's testimony that he smelled the odor of burnt marijuana when he approached the defendant's vehicle. Under the law, this olfactory observation, in and of itself, meets the reasonable suspicion standard. *Commonwealth v. Stoner,* 236 Pa. Super. 161, 344 A.2d 633 (1975). We further note that in this day and age, it is common to find firearms where drugs are discovered. For these reasons, it was proper to commence a pat-down search of the defendant.

As the pat-down continued, defendant made a statement that "what he is looking for is in my sock." Defendant now wishes to suppress that statement. He challenges the statement on the basis that he was not given his *Miranda* warnings prior to making the statement. It is axiomatic that the *Miranda* warnings are addressed to the evil of improper custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436 (1966); *Commonwealth v.*

---

2. In this respect, *Commonwealth v. Whitmyer,* 415 Pa. Super. 393, 609 A.2d 809 (1992) relied upon by the defendant is distinguishable. We also note that allocatur has been granted by the Supreme Court in that case. 535 Pa. 634, 631 A.2d 1006 (1993).

*Patterson,* 488 Pa. 227, 412 A.2d 481 (1980). Under the circumstances present in this case it is impossible for us to find that any form of interrogation was occurring, regardless of whether the defendant was at that moment in custody. In short, defendant's statement was gratuitous and was not the fruit of an improper question by the police. *Miranda* rights are designed to protect the accused from improper police action, not from his or her own foolishness. Because no violation of *Miranda* rights occurred, the statement will not be suppressed.

Since the utterance made by the defendant will not be suppressed, it would be improper to suppress the evidence found as a result of that utterance. For this reason, we will not suppress the baggie of marijuana found in the defendant's sock.

## III. CONCLUSIONS OF LAW

(1) The officer had probable cause, based on specific articulable facts, that the defendant was operating his motor vehicle in violation of the Motor Vehicle Code.

(2) The odor of burnt marijuana constituted reasonable grounds to detain the defendant and conduct a pat-down search. The statement by the defendant was gratuitous and voluntary on his part and not obtained in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966).

## ORDER

. And now, February 16, 1996, it is ordered as follows:

(1) The defendant's omnibus pre-trial motion in the nature of a motion to suppress evidence is denied.

(2) The other provisions of defendant's omnibus pre-trial motion are dismissed as moot.