**Floyd CHANEY, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

No. 71-3512
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 12, 1972.

---

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Floyd Chaney, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Andrew I. Friedrich, West Palm Beach, Fla., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Floyd Chaney appeals from the district court's denial of habeas relief. Chaney challenges his Florida convictions for damaging telephone equipment and for petty larceny, both misdemeanors, and for possession of burglary tools, a felony. The convictions were affirmed on direct appeal. Chaney v. Florida, 237 So.2d 281 (Fla.App.1970), cert. denied 242 So.2d 461 (Fla.S.Ct.1970), cert. denied 403 U.S. 904, 91 S.Ct. 2205, 29 L. Ed.2d 680 (1971). In his habeas petition, Chaney alleges that he was arrested for damaging telephone equipment, a misdemeanor. Because the misdemeanor was not committed in the presence of the arresting officer, he argues that the arrest was illegal and, therefore, the evidence seized incident to the arrest should have been suppressed.

The district court correctly held that, at the time of the arrest, there was probable cause to arrest Chaney for possession of burglary tools, a felony. Because probable cause for arrest for a related offense existed at the time of the arrest, the search incident to the arrest was valid even though the arresting officer did not accurately name the offense for which probable cause existed. See Mills v. Wainwright, 5 Cir. 1969, 415 F.2d 787; United States v. Bonds, 8 Cir. 1970, 422 F.2d 660; Staples v. United States, 5 Cir. 1963, 320 F.2d 817; Hagans v. United States, 5 Cir. 1963, 315 F.2d 67. Cf. Beck v. Ohio, 1964, 379 U.S. 89, 85 S.Ct. 223, 13 L. Ed.2d 142; United States v. Wilson, 5 Cir. 1971, 451 F.2d 209; United States v. Crane, 5 Cir. 1971, 445 F.2d 509.

The district court did not err in its refusal to hold an evidentiary hearing in this case. The state court held a full and fair hearing and made adequate and presumptively correct factual findings. See Townsend v. Sain, 1962, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The trial court gave the petitioner a full and fair hearing in the trial court on his constitutional claims.

The judgment is affirmed.