400 A.2d 596

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard D. NEUFER.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided March 30, 1979.

554

Robert F. Banks, First Assistant District Attorney, Mercer, for Commonwealth, appellant.

George E. Lepley, Jr., Assistant Public Defender, Williamsport, submitted a brief, on behalf of appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case involves a Commonwealth appeal from an order of the Court of Common Pleas of Lycoming County, Criminal Division, suppressing certain evidence which suppression order destroyed the Commonwealth's case. The defendant is charged with possession of a small amount of marijuana, underage consumption of alcoholic beverages, pedestrian under the influence of alcohol, and disorderly conduct. The

latter three charges are summary offenses, the drug charge is a misdemeanor.

On August 11, 1977 two police officers of the Old Lycoming Township Police Department, a police department of a second-class township, were in uniform and were patrolling Route 15 within the township in a marked police cruiser. While so engaged the officers observed the defendant and a second white male walking along the four-lane highway. Both individuals were walking on the highway itself and were swaying, staggering and bumping into each other as they walked. The officers circled back to get a better look at the individuals when they noticed the defendant yelling at passing vehicles as he was staggering about on the highway. Concluding that the defendant was under the influence the officers activated the cruiser's flashing lights and began to pull up to the defendant and his companion. Upon seeing the police officers the defendant and his cohort ran in opposite directions although they had been ordered to stop several times. One officer pursued the defendant and while doing so heard a crash or thump and, rounding a corner, saw the defendant sprawled on the ground next to a chain link fence. The defendant's glasses were on the ground on the other side of the fence and from this the officer surmised that the defendant had attempted to run through the fence.

The officer proceeded to pick the defendant up from the ground, handcuffed him and informed him that he was being arrested for the offense of pedestrian under the influence a summary offense under the Pennsylvania Motor Vehicle Code.[1] The defendant then began swearing at the officer and after repeatedly telling him to desist in such conduct the officer placed defendant under arrest for disorderly conduct, also a summary offense. The defendant continued to struggle with the officer and the officer brought him back to the police cruiser. As he did so he noticed a strong smell of alcohol on defendant's breath. At the police cruiser the officer noticed a bulge in defendant's

1. *75 Pa.C.S. 3550.*

left front pants pocket, and believing that the defendant had a knife in his pocket, asked defendant what it was. When defendant said that he didn't know the officer reached into the pocket and removed a pipe which had a fresh odor of marijuana in it. Upon further patting down the defendant a bulge was detected in his right front pocket. When defendant answered that he didn't know what that was either the officer reached into the pocket and removed a plastic bag of marijuana therefrom. Defendant was then charged with possession of marijuana.

After the suppression hearing, during which the court ordered all of the evidence obtained by this series of events suppressed, the Commonwealth appealed.

The court below reasoned that Pennsylvania Rule of Criminal Procedure 51A(1) mandated that the proceedings against the defendant for pedestrian under the influence be instituted by the issuance of a citation and since the police officer arrested the defendant before making an attempt to issue him a citation that the arrest was unlawful and that therefore all of the evidence obtained as the fruit of that arrest had to be suppressed as the fruit of an unlawful arrest.

*Pennsylvania Rules of Criminal Procedure 51A(1)* provides as follows:

"A. Criminal proceedings in summary cases shall be instituted in the following manner:

"(1) TRAFFIC OFFENSES (Other than Parking)

"(a) Except as provided by subparagraphs A(1)(b) and (c), a citation shall be issued to the defendant by a police officer, who shall be in uniform, when the offense charged is a violation of a traffic ordinance or when it is a summary offense under the Vehicle Code; or

"(b) . . .

"(c) For a summary offense under the Vehicle Code, the defendant may be arrested without a warrant only as provided in the Vehicle Code. Thereafter, the case shall proceed as provided in Rule 62."

The offense of "Pedestrian under the influence of alcohol or controlled substance" is a summary offense set forth in Section 3550 of the Pennsylvania Motor Vehicle Code and is defined as follows:

> "A pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders the pedestrian a hazard shall not walk or be upon a highway except on a sidewalk." *75 C.S.A. 3550.*

The fine for violating this section is $5.00. *75 Pa.C.S.A. 3552.*

*75 Pa.C.S.A. 6304*, also a provision under the Pennsylvania Motor Vehicle Code which deals with authority to arrest without a warrant, provides in pertinent part:

> "(c) Other Powers preserved.—The powers of arrest conferred by this section are in addition to any other powers of arrest conferred by law."

▆ Therefore *Pennsylvania Rule of Criminal Procedure 51A(1)* mandates that criminal proceedings against an accused offender of the traffic laws be instituted by the issuance of a citation. However, for a summary offense under the Motor Vehicle Code the defendant may be arrested without a warrant but this may only be done as authorized by the Motor Vehicle Code. Since the offense of "Pedestrian Under the Influence" is one proscribed under the Motor Vehicle Code an arrest for this offense without a warrant is valid only if authorization for such can be found in the Motor Vehicle Code. Section 6304 of the Motor Vehicle Code *(75 Pa.C.S.A. 6304)* provides that the powers conferred by it are in addition to any other powers conferred by law. The net effect of this language was to incorporate by reference into 6304(c) of the Vehicle Code of 1976, existing statutes which bestowed powers of arrest upon police officers. See *Section 1937* of the *Statutory Construction Act of 1972, Dec. 6 P.L. 1339. No. 290, 1 Pa.C.S.A. 1937,* which advises that a reference in a statute to a statute or to a regulation includes the statute or regulations and all amendments thereto or replacements thereof unless specific language clearly provides to the contrary. Thus we must

look elsewhere to determine whether any authority to make a warrantless arrest in this case exists.

■ Section 591 of The Second Class Township Code of 1933, May 1, P.L. 103, Act. V., as amended, 53 P.S. 65591 provides that a second class township policeman may, without a warrant and upon view, arrest and commit for hearing any person guilty of breach of the peace, vagrancy, riotous and disorderly conduct, or drunkenness or any person who may be engaged in the commission of any unlawful act tending to imperil the personal property or security of citizens. Therefore since 53 P.S. 65591 authorizes a policeman of a second class township to make warrantless arrests for drunkenness or for the commission of any unlawful act tending to imperil the personal security or endanger the property of citizens and since "pedestrian under the influence" is an offense described under the Vehicle Code which, when engaged in, certainly endangers the lives and property of all motorists or other pedestrians in the vicinity of the unlawful act it is apparent that the defendant's warrantless arrest was valid. This is so because 75 Pa.C.S.A. 6304(c) incorporates 53 P.S. 65591 into the Pennsylvania Motor Vehicle Code. That the defendant was engaged in conduct which endangered lives or property cannot be reasonably contested if we assume that the officers' versions of the facts were accurate. A pedestrian who staggers about a four-lane highway, as Route 15 is in the area where defendant was observed, waving his arms at passersby and shouting at them while under the influence of liquor or drugs is certainly endangering the lives and property of motorists in the area, as well as, the lives and property of any other persons who may be injured by a motorist swerving to avoid the intoxicated person. There is no doubt that the series of activities engaged in by defendant and observed by the officers gave them probable cause to believe that the defendant was drunk and was a danger and hazard to passersby as well as himself. Section 5505 of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S. 5505 established the offense of "Public Drunkenness" defined as the act of ap-

pearing in any public place manifestly under the influence of alcohol to the degree that the actor may endanger himself or other persons or property, or may annoy persons in his vicinity. As discussed above the defendant was so engaged at the time that he was approached by the officers. Therefore the arrest of the defendant was valid as though made for the cognate or related offense of "Public Drunkenness".

In *Commonwealth v. Shillingford*, 231 Pa.Super. 407, 332 A.2d 824 (1975) this Court held that the only permissible arrest without a warrant for a non-traffic summary offense occurs when a summary offense involves a breach of the peace, or endangers property or the safety of any person present. "Public Drunkenness" is a non-traffic summary offense which, in this case, endangered lives and property. In fact had the officers merely issued the defendant a citation here it could be persuasively argued that he was deficient in the performance of his duties because it would be unconscionable for him to merely issue the citation and then permit the defendant to resume his dangerous journey without taking him into custody. "Where the good faith of the arresting officer is not an issue, and where the crime for which a suspect is arrested and that for which the officers have probable cause are closely related, courts typically use an objective rather than subjective measure of probable cause". *U. S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Since the officers had observed sufficient facts in order to establish probable cause in their minds that the offense of "Public Drunkenness" was being committed and since their good faith is not at issue we hold that the arrest of the defendant for "Pedestrian under the influence" was justified because that offense is so closely related to that of "Public Drunkenness". When a crime for which the arrest is made and a crime for which probable cause exists are in some fashion related, there is no question but that the arrest is a valid one. *Mills v. Wainwright*, 415 F.2d 787 (5th Cir. 1959); *Chaney v. Wainwright*, 460 F.2d 1263 (5th Cir. 1972).

The case of *Commonwealth v. Orwig*, 248 Pa.Super. 284, 375 A.2d 99 (1977) does not compel a different result. In that case a majority of this Court held illegal an arrest based upon the stopping of vehicle in which illegal drugs were found. In that case the police officer admitted that he stopped the vehicle because he believed that its occupants had been involved in a burglary in the area and not because it had a bad muffler which was the reason given the defendant for his original detention on the highway. The court held that the arrest was illegal even though the defendant's vehicle did indeed have a bad muffler. The logical extension of that holding, of course, is that a defendant whose vehicle did indeed have a bad muffler may not be apprehended for such if the investigating officer admits that there may be another, more serious reason, for his detention of the defendant. Thus a dangerous criminal with a bad muffler cannot be detained for such unless the police have sufficient probable cause to detain him for the more serious offense. But an ordinary citizen, who has committed no other offense, may be detained for having a bad muffler. While we did not agree then, nor do we agree now with that holding, because we feel it is entirely too subjective in that its basis is the officer's subjective reasons for stopping the defendant, and not the objective facts constituting probable cause or the lack thereof, we recognize the *Orwig* case is now the law and we are constrained to follow its dictates. Nevertheless, it is not controlling here because in this case there is no evidence whatsoever to indicate that the police stopped the defendant for any other reason than to investigate a possible violation for "Pedestrian under the influence".

■ Once defendant was placed under arrest his subsequent unruly conduct, his attempted escape, and the fact that he denied knowledge of the items obviously contained in his pants pockets constituted sufficient probable cause for the officer to conduct a stop and frisk of the defendant. *Terry v. Ohio*, 391 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968). The officer testified that he believed that one of the

objects in the defendant's pocket was a knife. Reaching into his pocket to remove the object, the officer discovered a pipe heavily "perfumed" by the odor of marijuana. Noticing another bulge in his pocket and being told once again by the defendant that the defendant didn't know what was in his pocket the officer was again justified in removing a potentially dangerous object from defendant's pocket. Once he had discovered the true nature of the substance found in defendant's pockets the officer was not obliged to "play ostrich" and to pretend that he didn't notice the contraband. Anyone who is even fleetingly familiar with police work understands the inherent danger faced by police in attempting to subdue a person whose mental faculties have been disrupted or altered, whether by alcohol, drugs or otherwise. Under the circumstances set forth herein we hold that the officer was justified in conducting a "pat down" of the defendant for the officers' own protection.

Because we hold that the initial arrest of the defendant was lawful under the circumstances of this case and because we find the subsequent "pat down" of the defendant to be a reasonable effort in self-protection we reverse the lower court's suppression order and hold that the evidence found in defendant's possession is admissible at his trial.

MONTGOMERY, J., files a dissenting opinion.

MONTGOMERY, Judge, dissenting:

Although recognizing that the arrest of appellant was for a summary violation of the Motor Vehicle Code which required a citation that was not issued, the majority justifies the subsequent search of appellant for the reason that an arrest without a warrant was permitted under the second class township code 53 P.S. 65591. The record is clear that the appellant was not arrested for a violation of the township code or ever charged with such a violation. He was arrested without a warrant, handcuffed, and subsequently charged with the Motor Vehicle Code violation "Pedestrian under the influence of alcohol or controlled substance" which did not justify a warrantless arrest.

With full appreciation of the propriety of the discretion exercised by the police officers in restraining the appellant from doing harm to himself and others, I cannot agree that the arrest was legal as to justify the subsequent search of the appellant's person.

I would affirm the lower court in suppressing the evidence discovered by that search.