## Leon v. Peters Township

*Graydon R. Brewer,* for plaintiffs.

*William A. Johnson,* for defendant Peters Township.

*Donald J. McCormick,* for defendant Upper St. Clair.

STANDISH, *J.,* March 31, 1986—

## I

This is an appeal to the Superior Court of Pennsylvania from this court's order dated August 23, 1985, sustaining the preliminary objections of defendants Peters Township and Upper St. Clair Township in the form of a demurrer to plaintiff's complaint and dismissing the complaint as to them.[1]

Plaintiff, in her statement of matters complained of on appeal, asserts that the court erred as a matter of law in ruling that defendants Peters Township

---

1. This appeal has been improperly taken to the Superior Court of Pennsylvania. The Commonwealth Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas concerning immunity waiver matters. 42 Pa.C.S. §762(a)(7).

and Upper St. Clair Township were entitled to the defense of governmental immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

## II

The complaint alleges the following:

On May 19, 1983, at approximately 5:45 a.m., Lois Steele Leon, (plaintiff), and Robert A. Leon (decedent), were directed to pull their motor vehicle off the highway by Peters Township Police Officers David Meyer and William Gebauer. After some discussion regarding their whereabouts immediately prior to being stopped, decedent was permitted to return to the vehicle and plaintiff drove the vehicle away.

Shortly thereafter, Meyer and Gebauer stopped the Leon vehicle a second time in Upper St. Clair Township. Douglas Burkholder and David Robinson, police officers of Upper St. Clair Township, responded to the police radio call for assistance by Meyer and Gebauer. Burkholder and Robinson were present throughout the second stop of the Leon vehicle.

Meyer and Gebauer seized the Leon Vehicle, abandoning plaintiff and decedent without any means of transportation. As a result, the Leons were forced to continue on foot along a suburban highway in an inebriated condition. Burkholder and Robinson did not object to the investigation, seizure and abandonment by Meyer and Gebauer within the jurisdictional limits of Upper St. Clair Township.

Plaintiff and decedent began walking in an easterly direction along Boyce Road in Upper St. Clair Township. A vehicle driven by Edgar L. Wheeler

struck decedent, causing the injuries which result-
ed in his death on May 19, 1983.

## III

Defendants Peters Township and Upper St. Clair
Township claim that they are entitled to the defense
of governmental immunity under the Political Sub-
division Tort Claims Act (the act).[2]

The relevant provisions of the act read as follows:

"Section 8541. Governmental immunity generally

"Except as otherwise provided in this subchapter,
no local agency shall be liable for any damages on
account of any injury to a person or property caused
by any act of the local agency or an employee there-
of or any other person.

"Section 8542. Exceptions to governmental
immunity.

"(b) Acts which may impose liability.—The fol-
lowing acts by a local agency or any of its employees
may result in the imposition of liability on a local
agency:

"(6) Streets.

"(i) A dangerous condition of streets owned by
the local agency, except that the claimant to recover
must establish that the dangerous condition created
a reasonably foreseeable risk of the kind of injury
which was incurred and that the local agency had
actual notice or could reasonably be charged with
notice under the circumstances of the dangerous
condition at a sufficient time prior to the event to ·

2. Act of November 26, 1978 P.L. 1399, as amended, for-
merly 53 P.S. §5311.101-5311.803, repealed by section 333 of
the Act of October 5, 1980, P.L. 693. Sections of the act rel-
evant to this appeal were recodified with little substantive
change in sections 8541 and 8542 of the Judicial Code, 42
Pa.C.S. §8541-8542.

have taken measures to protect against the dangerous condition."

Plaintiff states a claim for relief under section 8542(b)(6)(i) of the Act. She argues that a dangerous condition did exist on Boyce Road in Upper St. Clair Township when decedent was injured and that the dangerous condition was plaintiff's and decedent's own impaired condition due to intoxication, which created a risk of injury when she and decedent were abandoned by the police officers. In support of this assertion, plaintiff points to section 3550 of the Motor Vehicle Code, 75 Pa.C.S. §3550, which states:

"Section 3550. Pedestrians under the influence of alcohol or controlled substance

"A pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders the pedestrian in a hazard shall not walk or be upon a highway except on a sidewalk."

However, the term "hazard" as used in this section of the Motor Vehicle Code is not synonymous with the term "dangerous condition" as used in the act. The pedestrian, although a hazard, would not be considered a highway "condition."

Plaintiff also cites Commonwealth v. Neufer, 264 Pa. Super. 553, 400 A.2d 596 (1979) in which the Superior Court of Pennsylvania states:

"In fact had the officer merely issued the defendant a citation here it could be persuasively argued that he was deficient in the performance of his duties because it would be unconscionable for him to merely issue the citation and then permit the defendant to resume his dangerous jour'ney without taking him into custody."

Neufer, however, arose before the enactment of the act when the governmental immunity established by the act did not exist. Moreover, nowhere in

the Neufer case is it implied that the municipality would have been liable for any injuries the defendant might have sustained had the officers not arrested him.

To assert that a municipality is liable for a dangerous condition consisting of plaintiff and decedent in an inebriated condition, on one of its streets is to misconstrue the act. Although there is apparently no case law relating specifically to the exception from governmental immunity set forth in section 8542(b)(6)(i) of the act, the meaning of the term "dangerous condition" as it appears in this section may be construed by reference to cases involving other "dangerous condition" exceptions to governmental immunity found in sections 8542(b)(4) and (5) of the act.

In Knudsen v. Delaware County Regional Water Quality Control Authority, 84 Pa. Commw. 36, 42, 478 A.2d 533, 536 (1984), the Commonwealth Court of Pennsylvania found that a malfunctioning school speed limit sign could be "a dangerous condition of . . ., traffic signs, . . . under the care, custody or control of the local agency . . ." within the meaning of section 8542(b)(4) if the school district had care, custody or control of the sign.

In Medicus v. Upper Merion Township, 82 Pa. Commw. 303, 475 A.2d 918 (1984), the Commonwealth Court held that the negligent maintenance of drainage culverts which resulted in three separate flooding incidents was a "dangerous condition" within the meaning of section 8542(b)(5) of the act. In Medicus, however, the dangerous condition was the culvert itself, the object owned by the political subdivision.

The United States Court of Appeals for the Third Circuit in D. P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943 (3d Cir. 1984),

construed the "dangerous condition" exception under section 8542(b)(5) of the act relating to utility service facilities. The dangerous condition involved was fuel residue and sludge remaining in a fuel tank in a boiler room owned by a community college and located on that college's property. Reversing the district court's dismissal of the complaint for failure to state a claim, the court held that such a condition, if proved, was a condition which would give rise to governmental liability notwithstanding the broad grant of governmental immunity under section 8541 of the act.

These cases indicate that the term "dangerous condition", as it appears in 42 Pa.C.S. §8542(b)(6)(i), refers to dangerous conditions of objects or things under the care, custody and control of a municipality or a municipal employee. A dangerous condition of a street is a flaw or defect intrinsic to the street itself, such as a pothole or a lack of guardrails. The language of the section creates a narrow exception to the general legislative grant of immunity. It permits the imposition of liability only for dangerous conditions of streets that make the streets unsafe for the purpose for which they are regularly used, intended to be used, or may be reasonably foreseen to be used. It would be a total distortion of the language of section 8542(b)(6)(i) to include within the term "dangerous condition" an injured person's own impaired condition due to intoxication.

## IV

For the reasons set forth above, the court correctly sustained the preliminary objections of defendants Peters Township and Upper St. Clair

Township in the form of a demurrer to plaintiff's complaint and dismissing the complaint as to them.