630 A.2d 35

COMMONWEALTH of Pennsylvania, Appellee

v.

Roy McELROY, Appellant.

Superior Court of Pennsylvania.

Argued June 7, 1993.

Filed Aug. 18, 1993.

70

Peter T. Campana, Williamsport, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., Williamsport, for Comm., appellee.

Before ROWLEY, President Judge and WIEAND, CIRILLO, DEL SOLE, TAMILIA, KELLY, POPOVICH, HUDOCK and FORD ELLIOTT, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lycoming County, following appellant's conviction on the charge of driving under the influence of alcohol.  75 Pa.C.S.A. §§ 3731(a)(1) and (a)(4). Herein, appellant contends that the initial stop of his vehicle was illegal because the police officer lacked "probable cause to believe" or "articulable and reasonable grounds to suspect a violation of the [Vehicle Code]," pursuant to 75 Pa.C.S.A. § 6308(b).  *En banc* consideration of this case was granted so that we may clarify the standard to be applied when determining whether a police officer may legally stop a motor vehicle, i.e., "probable cause to believe" the driver or the vehicle is in violation of the Vehicle Code or "articulable and reasonable grounds to suspect" a violation of the Code.  In addition, we must determine whether the facts *sub judice* were sufficient to warrant a vehicular stop.

Upon review of the facts herein, we find that the traffic stop of appellant's vehicle was warranted and the lower court correctly denied appellant's motion to suppress.  Accordingly, we affirm.

In reviewing the propriety of a suppression order, we are limited primarily to questions of law and are bound by the suppression court's findings of fact if those facts are supported by the record.  In determining whether those findings are supported by the record, we consider only the evidence of appellee and so much of the evidence of appellant which remains uncontradicted.  *Commonwealth v. Hamlin*, 503 Pa. 210, 212–16, 469 A.2d 137, 138–139 (1983); *Common-*

*wealth v. Lagamba*, 418 Pa.Super. 1, 3-5, 613 A.2d 1, 2 (1992); *Commonwealth v. Elliott*, 376 Pa.Super. 536, 542, 546 A.2d 654, 657 (1988), *allocatur denied*, 521 Pa. 617, 557 A.2d 721 (1989).

In light of the aforementioned standard, the record reveals the following facts: On August 3, 1991 at about 2:40 a.m., Officer Arnold Duck and Officer Mark Sechrist of the Williamsport Bureau of Police were travelling west on Third Street in Williamsport. The officers observed appellant's Dodge pick-up truck travelling east on Third Street toward them over a large dip in the road. Officer Duck testified that he observed appellant's vehicle for approximately five seconds as it approached him. From his observation and experience, Officer Duck opined that the vehicle was travelling at "a high rate of speed" and estimated the truck's speed to be at least 80 miles per hour in a posted 35 mile per hour zone.[1]

Officer Duck turned immediately and pursued appellant for one-quarter to one-half mile within the city limits of Williamsport and then for an additional one-half mile in Loyalsock Township before he was able to stop appellant. Officer Duck testified that, at the time, he felt that he had probable cause to stop appellant for travelling in excess of the speed limit, a violation of 75 Pa.C.S.A. § 3362. He further testified that at the time of the traffic stop, he was not "subjectively thinking" that appellant was violating 75 Pa.C.S.A. § 3361, Driving vehicle at safe speed. See, Trial Court Opinion, pp. 1-2.

During the vehicle stop, Officer Duck and his partner detected the odor of alcohol on appellant's breath and asked appellant to submit to field sobriety tests. Appellant agreed to perform the field sobriety tests. However, he was unable to perform the field sobriety tests successfully. After concluding that appellant was intoxicated, Officer Duck arrested appellant and transported him to the DUI processing center

---

1. We note that the opinion of the lower court cites the maximum estimated speed of appellant's vehicle as 60 miles per hour. However, the record clearly indicates that Officer Duck actually estimated the speed to be approximately 80 miles per hour. N.T., 1/8/92, p. 5.

at the Divine Providence Hospital, where a blood test revealed appellant's blood alcohol content to be .19%.

Appellant was charged with driving under the influence of alcohol, 75 Pa.C.S.A. §§ 3731(a)(1) and (a)(4), and driving vehicle at [un]safe speed, 75 Pa.C.S.A. § 3361. Prior to trial, appellant filed a motion to suppress evidence based on the following two arguments: 1) Appellant was stopped outside Officer Duck's jurisdiction;[2] and 2) Officer Duck did not have "articulable and reasonable" grounds—much less probable cause—to stop appellant. The trial court rejected both of appellant's arguments. At the conclusion of a case stated, non-jury trial, appellant was found guilty of driving under the influence of alcohol and not guilty of the summary charge of driving vehicle at unsafe speed.

Turning now to the issues at hand, we must first determine what is the proper standard to be applied when reviewing the propriety of a traffic stop. In *Commonwealth v. Swanger*, 453 Pa. 107, 115, 307 A.2d 875, 879 (1973), our Supreme Court stated: "We, therefore, hold before a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with The Vehicle Code, he must have probable cause based on specific facts which indicate to him either the vehicle or driver is in violation of the code." Two years later, in *Commonwealth v. Murray*, 460 Pa. 53, 58–59, 331 A.2d 414, 416–417 (1975), our Supreme Court rephrased the standard as follows:

> If the alleged basis of a vehicular stop is to permit a determination whether there has been compliance with the Motor Vehicle Code of this Commonwealth, it is encumbent upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide *probable cause to believe* that the vehicle or the driver was in violation of some provision of the Code. *Commonwealth v. Swanger, supra* 453 Pa. at 115, 307 A.2d at 879; see also *Commonwealth v. Boyer*, 455 Pa. 283, 286, 314 A.2d 317, 318 (1974) (footnote omitted). (Emphasis added.)

2. Appellant has not pursued this issue on appeal.

Both *Swanger, supra,* and *Murray, supra,* were decided when the Motor Vehicle Code, 75 Pa.S.A. § 1221(b), permitted police officers to stop a motor vehicle, despite no outward indication that the vehicle or its driver was in violation of the Code. The purpose of those decisions was to require the government to have "specific facts justifying the intrusion", before the police may single out an automobile for a stop. *Swanger,* 307 A.2d at 878.

In response to those decisions, the Legislature enacted 75 Pa.C.S.A. § 6308, Investigation by police officers, which, in pertinent part, provides:

> **(b) Authority of police officers.**—Whenever a police officer is engaged in a systematic program of checking motor vehicles or drivers or has *articulable and reasonable grounds to suspect a violation of this title,* he may stop a vehicle, upon request or signal, for the purposes of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title. (Emphasis added.)

Since the enactment of 75 Pa.C.S.A. § 6308, this court has, in most instances, used the standard of "articulable and reasonable grounds to suspect a violation of [the Vehicle Code]", as set forth in the statute, to assess whether a traffic stop was legal. *See, e.g., Commonwealth v. Parker,* 422 Pa.Super. 393, 399–01, 619 A.2d 735, 738 (1993); *Commonwealth v. Lopez,* 415 Pa.Super. 252, 257–59, 609 A.2d 177, 180 (1992); *Commonwealth v. Triplett,* 387 Pa.Super. 378, 382–84, 564 A.2d 227, 230 (1989); *Commonwealth v. Elliot,* 376 Pa.Super. 536, 544–47, 546 A.2d 654, 658–659 (1988), *appeal denied,* 521 Pa. 617, 557 A.2d 721 (1989); *Commonwealth v. Fisher,* 294 Pa.Super. 486, 490–92, 440 A.2d 570, 572 (1982). However, in similar traffic stop cases, this court has also applied the standard of "probable cause to believe" that the Vehicle Code has been violated. *See, e.g., Commonwealth v. Whitmyer,* 415 Pa.Super. 393, 398–400, 609 A.2d 809, 812 (1992), petition for *allocatur* filed on August 17, 1992 at 326 M.A.L. 1992; *Com-*

*monwealth v. Lagamba,* 418 Pa.Super. 1, 9–11, 613 A.2d 1, 5 (1992).

Although the two standards appear to differ, due to the use of the term "probable cause" which usually denotes a higher level of knowledge by the police of an illegal act, e.g., "probable cause to arrest" or "probable cause to search", the difference is largely a matter of semantics. In practice, the standards have been used interchangeably. Fcr example, in *Lopez,* 609 A.2d at 180, this court cited *Murray, supra,* and *Swanger, supra,* for the proposition that: "In order for a stop to be reasonable under the Fourth Amendment of the United States Constitution, the police must have *articulable and reasonable grounds to suspect, or probable cause to believe,* that criminal activity may be afoot." (Emphasis added.) Similarly, in *Whitmyer, supra,* this court, in rejecting the Commonwealth's assertion that the standard was "reasonable suspicion to believe", clearly indicated that "probable cause to believe" and "articulable and reasonable grounds to suspect" are the proper standards and application of either standard would end in the same result. *Whitmyer,* 609 A.2d at 812–813. Therein, ruling upon similar facts, we stated:

If we apply the standard as articulated by the United States Supreme Court [in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ], as restated by our state Supreme Court [in *Murray, supra,* and *Swanger, supra* ], or as set forth in the statute [75 Pa.C.S.A. § 6308(b) ], the analysis and result by the distinguished trial court remains unassailable. The critical issue is whether the trooper had articulable and reasonable grounds to suspect, or probable cause to believe, that Jack A. Whitmyer was not driving his vehicle at a safe speed, thereby violating 75 Pa.C.S. § 3361." [3]

**3.** We cite this passage from *Whitmyer, supra,* for the purpose of demonstrating that both standards are essentially identical in their application. While we agree with the law as set forth in *Whitmyer, supra,* we do not cite the above-quoted passage to indicate our agreement with the outcome reached in *Whitmyer, supra.* To the contrary, as our discussion, *infra,* indicates, we disagree with the result in *Whitmyer, supra,*

■ However interchangeable the two standards for assessing police conduct in traffic stops may be, we herein adopt "articulable and reasonable grounds to suspect" as the *preferred* standard. 75 Pa.C.S.A. § 6308. In so doing, we seek to avoid any confusion which may be caused by the use of the term "probable cause" to describe and assess those police encounters with citizens which do not rise to the level of an arrest or search.[4]

Turning to the merits of this appeal, we must first determine whether Officer Duck had articulable and reasonable grounds to suspect appellant was violating the Vehicle Code at the time when Officer Duck stopped appellant's vehicle. *Parker*, 619 A.2d at 738; *Lagamba*, 613 A.2d at 3; *Fisher*, 440 A.2d at 572. When we review the lower court's analysis of this case, based on the undisputed facts, we find no fault with the lower court's decision that the initial traffic stop of appellant's vehicle was entirely proper.

At approximately 2:43 a.m., Officer Duck observed appellant's vehicle travelling towards him for approximately five seconds, during which time appellant's vehicle traversed a large dip in the road. Officer Duck estimated appellant' speed to be at least 80 miles per hour in a urban area with a speed limit of 35 miles per hour.[5] Officer Duck turned his police cruiser around and pursued appellant for at least three-quarters to one mile before he was able to stop appellant.

Appellant initially submits that the traffic stop was improper because Officer Duck testified that he was stopping appellant for violating 75 Pa.C.S.A. § 3362, Maximum speed limits, while appellant was actually charged with 75 Pa.C.S.A. § 3361, Driving vehicle at safe speed. Thus, appellant, citing *Com-*

and to the extent that it is seen to conflict with our decision herein, *Whitmyer, supra,* is expressly overruled.

4. If our Supreme Court did not agree that the two standards are interchangeable, our high court could have granted *allocatur* in *Elliott, supra,* which it chose not to do. We also note that the petition for allocatur filed in *Whitmyer, supra,* on August 17, 1992, at 326 M.A.L. 1992, is still pending at this time.

5. At the time of the stop, Officer Duck had been a member of the Williamsport Police Department for almost nine years.

*monwealth v. Orwig,* 248 Pa.Super. 284, 375 A.2d 99 (1977), argues that the stop was improper because Officer Duck's "subjective belief" that appellant had violated § 3362 of the Vehicle Code was not supported by "probable cause". Appellant contends that Officer Duck did not have "probable cause" to cite appellant for speeding under 75 Pa.C.S.A. § 3362, because, "[a] police officer's personal opinion [of a vehicle's speed] is insufficient to justify a prosecution on a charge of speeding in violation of § 3362 of the Motor Vehicle Code. *Commonwealth v. Martorano,* 387 Pa.Super. 151, 563 A.2d 1229 (1989) [, appeal denied 525 Pa. 597, 575 A.2d 563]." Appellant's Supplemental Brief, p. 8. Further, appellant posits that we are not permitted to adopt, after the fact, a different justification for the traffic stop, i.e., a violation of § 3361 of the Vehicle Code rather than § 3362 of the Vehicle Code. *See Orwig,* 375 A.2d at 101. Finally, appellant argues that the evidence does not amount to "articulable and reasonable ground to suspect" a violation of 75 Pa.C.S.A. § 3361, Driving vehicle at safe speed.

■ It is true that a police officer's opinion testimony alone is not sufficient to sustain a *conviction* for speeding under 75 Pa.C.S.A. § 3362. *Martorano,* 563 A.2d at 1233. However, the question presented is not whether Officer Duck's testimony could sustain a conviction for speeding, but rather whether his testimony amounts to "reasonable and articulable grounds to suspect a violation of the Vehicle Code." Certainly, Officer Duck's opinion that appellant's truck was travelling at 80 miles per hour in a 35 mile per hour zone amounts to "articulable and reasonable grounds to suspect" appellant was speeding, and Officer Duck was entitled to stop appellant and request appellant's driver's license, vehicle registration and proof of financial responsibility. 75 Pa.C.S.A. § 6308. In the analogous case of *Fisher,* 440 A.2d at 572, we found that a police officer was authorized to stop the defendant's vehicle for violating the speed limit and perform, *inter alia,* a registration check, despite the fact the vehicle was travelling less than six miles per hour in excess of the legal speed limit and, thus, the defendant could not be *convicted* for speeding pursuant to 75

Pa.C.S.A. § 3368 (conviction permitted only if radar records motor vehicle travelling six or more miles per hour in excess of legal speed limit). Similarly, we find that Officer Duck was certainly entitled to stop appellant, perform a registration check and, at least, warn appellant against speeding. It is of no moment to our analysis herein that Officer Duck's testimony would not have been sufficient to convict appellant of speeding.

Even if we were to assume that Officer Duck did not possess "articulable and reasonable grounds to suspect" appellant was speeding, Officer Duck most certainly had sufficient grounds upon which to believe that appellant was violating § 3361 of the Vehicle Code, Driving vehicle at safe speed, which provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when travelling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

The fact that Officer Duck did not stop appellant upon his "subjective belief" that appellant was violating § 3361 of the Vehicle Code does not invalidate the legality of the traffic stop, pursuant to *Orwig*, 375 A.2d at 101. In *Commonwealth v. Neufer*, 264 Pa.Super. 553, 400 A.2d 596 (1979), we stated:

... 'Where the good faith of the arresting officer is not an issue, and where the crime for which a suspect is arrested and that for which the officers have probable cause are closely related, courts typically use an objective rather than subjective measure of probable cause'. *U.S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). ... When a crime for which the arrest is made and a crime for which

probable cause exist are in some fashion related, there is no question that the arrest is a valid one. *Mills v. Wainwright*, 415 F.2d 787 (5th Cir.1969); *Chaney v. Wainwright*, 460 F.2d 1263 (5th Cir.1972).

■ Similarly, Officer Duck's subjective reason for stopping appellant, i.e., speeding in violation of § 3362 of the Vehicle Code, is very closely related to the crime charged, i.e., driving at an unsafe speed in violation of § 3361 of the Vehicle Code. Accordingly, we will employ an objective measure, and, thus, the pertinent question is whether Officer Duck had "articulable and reasonable grounds to suspect" appellant was violating § 3361 of the Vehicle Code.

■ Applying that standard to the facts before us, we conclude that the traffic stop was proper. Certainly, Officer Duck's observation that appellant was travelling approximately 80 miles per hour over a large dip in the road in an urban area at 2:30 a.m., would give the officer "articulable and reasonable grounds to suspect" appellant was travelling at a "speed greater than is prudent under the conditions." 75 Pa.C.S.A. § 3361. In *Commonwealth v. Monosky*, 360 Pa.Super. 481, 520 A.2d 1192 (1987), we found that police officers' opinion testimony of vehicle's speed may be sufficient to sustain a conviction for a violation of § 3361 of the Vehicle Code. If such opinion evidence may be sufficient to convict a defendant of driving at an unsafe speed in certain circumstances, we are convinced that Officer Duck's opinion of appellant's speed is sufficient to sustain the far lesser burden of "articulable and reasonable grounds to suspect a violation."

Nevertheless, appellant, citing *Whitmyer, supra,* argues that Officer Duck's observations were not sufficient to warrant the traffic stop. In *Whitmyer, supra,* a police officer stopped Whitmyer's vehicle because the officer felt the operator was driving "erratically" and was travelling at an unsafe speed in violation of 75 Pa.C.S.A. § 3361. The officer testified that he followed Whitmyer for two-tenths of a mile at 70 miles per hour in a 55 miles per hour zone, before Whitmyer exited the highway. He described Whitmyer's driving as "erratic" and

noted that the traffic on the highway was medium to heavy at the time. In spite of the officer's testimony regarding his reasons for stopping appellant, the trial court suppressed of all evidence gained as a result of the stop.[6] The trial court reasoned that the police officer did not have "probable cause to believe" that Whitmyer was in violation of § 3361 of the Vehicle Code, and, thus, the stop was illegal. A panel of this court agreed with the trial court that the officer's observations did not amount to "articulable and reasonable grounds to suspect" that Whitmyer was driving at an unsafe speed. *Whitmyer*, 609 A.2d at 814–815.

However, to the extent that our decision in *Whitmyer, supra,* is seen to conflict with our present determination that Officer Duck's possessed "articulable and reasonable grounds to suspect" a violation of § 3361 of the Vehicle Code, we expressly overrule *Whitmyer, supra.* We note that we do not disagree with the statement of the applicable law as set forth in *Whitmyer, supra.* Rather, it is the panel's application of the law to the specific facts of the case which was erroneous. *See,* Dissenting Opinion by Popovich, J., *Whitmyer,* 609 A.2d at 815–817.[7] We must remember that we are *not* presented with a question of whether Officer Duck's testimony was sufficient to *convict* appellant of driving at an unsafe speed. Rather, we must determine only whether the officer possessed "articulable and reasonable grounds to suspect" the violation. Such standard requires far less evidentiary support than that required for either the traditional usage of "probable cause" or a conviction. In essence, we are faced with a *Terry* stop

---

**6.** During the vehicular stop, the officer detected the odor of marijuana. A subsequent search of Whitmyer uncovered a film cannister of marijuana which was concealed in the front pocket of Whitmyer's shirt.

**7.** Moreover, even if we were to agree with the panel's application of the law to the facts in *Whitmyer, supra,* we would find that present facts warranted a traffic stop of appellant's vehicle. Herein, Officer Duck estimated the vehicles speed to be approximately 45 miles per hour over the speed limit, in an urban area, late at night. Such evidence is more compelling than that presented in *Whitmyer, supra,* where the officer testified that the defendant was travelling fifteen miles per hour over the legal limit on a three lane interstate highway.

analysis when assessing the legality of a traffic stop for a violation of the Vehicle Code.

In sum, we find that Officer Duck had "articulable and reasonable grounds to suspect" appellant was driving at an unsafe speed. Consequently, Officer Duck had legally stopped appellant's vehicle pursuant to 75 Pa.C.S.A. § 6308, when he smelled the odor of alcohol on appellant's breath. The officer's detection of the odor of alcohol clearly warranted further investigation in the form of a field sobriety test. It was proper, based on appellant's failure of the field sobriety test, to arrest appellant for driving under the influence of alcohol and to proceed with further testing of appellant, including a blood alcohol test. *Terry, supra; cf., Parker,* 619 A.2d at 738; *Lagamba,* 613 A.2d at 5–6; *Fisher,* 440 A.2d at 572. Accordingly, the evidence gathered herein was not the "fruit of a poisonous tree", *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and the lower court properly denied appellant's motion to suppress the evidence.

Judgment of sentence affirmed.