672 A.2d 324

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael FARRELL, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed Feb. 21, 1996.

Stuart B. Suss, Assistant District Attorney, Frazer, for Commonwealth, appellant.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge:

This is an appeal by the Commonwealth from a Suppression Order. The issue presented is whether a police officer possessed sufficient reasonable suspicion to justify the investigatory stop of the automobile which Appellee was driving.

The facts reveal that Sergeant Spirito, received a radio call advising that an anonymous report stated a person named Michael had driven to the Valley Tavern in a maroon Buick LeSabre and was under the influence of alcohol. Sergeant Spirito arrived at the tavern and observed a maroon Buick

LeSabre parked in front. Shortly thereafter, he noticed the Buick leaving the parking lot and proceeding east bound on Yellow Springs Road.

The officer testified that he followed the vehicle down Yellow Springs Road which is a winding, narrow, country road and that about a third of a mile down the road, the car cut the corner too short and was very close to the edge of the road. Later, when the car came to a 90–degree bend in the road, it swung out and made too wide of a turn. Next, the vehicle turned into a development and was heading directly toward a concrete divider, when it suddenly made a correcting maneuver. The officer then received notice that the owner of the vehicle was Appellee, Michael Farrell. At this point, the Officer stopped Appellee's car.

In reviewing the grant of a motion to suppress, our responsibility is (1) to determine whether the record supports the factual findings of the court below and (2) to evaluate the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Bull,* 382 Pa.Super. 559, 555 A.2d 1341 (1989). When the factual findings of the suppression court are supported by the evidence, we may reverse only if there is an error in the legal conclusions drawn from those factual findings. *Commonwealth v. Cortez,* 507 Pa. 529, 491 A.2d 111, 112 (1985).

The sole issue in this appeal is whether Sergeant Spirito possessed a legal justification for an investigatory vehicle stop. The Commonwealth emphasizes that although a police officer may stop a motor vehicle if he has articulable and reasonable grounds to suspect a violation of the Vehicle Code, he may also form an articulable and reasonable suspicion of impaired driving based upon the observation of conduct which does not violate the Vehicle Code.

The Commonwealth cites the case of *Commonwealth v. McElroy,* 428 Pa.Super. 69, 630 A.2d 35 (1993) (en banc) for the proposition that the proper legal standard to be applied when determining whether a police officer may legally stop a vehicle is "articulable and reasonable grounds to suspect." In

*McElroy,* the observing Officer opined that the vehicle was travelling at least 80 miles an hour in a posted 35 mile per hour zone. We held in *McElroy* that the Officer was entitled to stop and perform a registration check. We had previously held that a police officer's opinion testimony of a vehicle's speed may be sufficient to convict a defendant of driving at an unsafe speed in certain circumstances. *Commonwealth v. Monosky,* 360 Pa.Super. 481, 520 A.2d 1192 (1987).

Most recently, our Supreme Court has considered a similar suppression question. In *Commonwealth v. Whitmyer,* 668 A.2d 1113 (1995), the court granted allocutur to review the standard applied by the lower courts in addressing the legality of automobile stops by police.

The appellee in *Whitmyer* was stopped after a trooper observed him cross a solid white line and pass the vehicle in front of him. Also, the trooper, utilizing his speedometer for two-tenths of a mile rather than the three-tenths required by the Vehicle Code, 75 Pa.S.C. § 3368, estimated that the appellee's speed was 70 miles per hour. The trial court ordered all the evidence obtained as a result of the stop to be suppressed, after concluding that there was no probable cause to establish that the appellee was in violation of the Vehicle Code. The Supreme Court affirmed, since under the evidence presented, there could be no violation of the vehicle code. However, the Court reiterated that police officers are vested with authority to stop a vehicle if there are "articulable and reasonable grounds to suspect a violation of the Vehicle Code." *Id.* at 1115.

When viewing the facts of the present case under the standard of "articulable and reasonable grounds to suspect," we find that unlike *Whitmyer,* the facts here support the officer's stop of Appellee's vehicle on the reasonable belief that it was being operated by someone under the influence of alcohol. First, the anonymous tip that a person named Michael had driven in a maroon Buick LeSabre to the Valley Tavern while intoxicated, was corroborated when the officer observed the maroon Buick LeSabre parked in front of the tavern and found it was registered to Michael Farrell. Fol-

lowing this corroboration, the officer did not then stop Appellee but waited and observed his driving. After observing three incidents of exaggerated and erratic driving, further corroborating that Appellee was under the influence, the stop occurred. We find that the record adequately demonstrates "articulable and reasonable grounds to suspect" a violation of the Motor Vehicle Code, namely driving under the influence. Therefore, we reverse the order of suppression and remand for trial.

Order reversed. Case remanded for trial.

Jurisdiction relinquished.