J-A06038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
         v.                         :
                                   :
                                   :
TIMOTHY J. SHEARER            :
                                   :
         Appellant        :    No. 877 MDA 2018

Appeal from the Judgment of Sentence May 16, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001272-2015

BEFORE:  OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:         **FILED APRIL 10, 2019**

Timothy J. Shearer (Shearer) appeals from the judgment of sentence imposed by the Court of Common Pleas of Adams County (trial court) following his bench conviction of Driving Under the Influence of Alcohol—General Impairment (DUI) and the summary offense of violating General Lighting Requirements.[1]  Shearer challenges the court's denial of his motion to suppress evidence.  We affirm.

We derive the relevant background of this case from our independent review of the certified record.  On July 31, 2015, at approximately 9:49 p.m., Officer Shannon Hilliard of the Getttysburg Borough Police Department observed Shearer's pickup truck pulling a boat trailer without a functioning rear light.  Officer Hilliard initiated a traffic stop of the vehicle and as he

---

[1] 75 Pa.C.S. §§ 3802(a)(1) and 4303(b), respectively.

---

\*  Retired Senior Judge assigned to the Superior Court.

approached the open driver's side window, he detected a strong odor of alcohol emanating from it. The officer asked Shearer for his license, registration and proof of insurance. Shearer was able to provide only his license and he indicated that he was driving to a pizza place. The odor of alcohol grew stronger as Officer Hilliard spoke with Shearer. The officer asked Shearer to submit to field sobriety testing and Shearer complied. During the testing, Shearer exhibited signs of alcohol intoxication including an inability to maintain his balance. Officer Hilliard placed Shearer under arrest for suspicion of DUI and transported Shearer to have a blood test performed that revealed a blood alcohol limit nearly two and a half times the legal limit

The trial court denied Shearer's omnibus pre-trial motion seeking suppression of the evidence following a March 24, 2016 hearing. The court found Shearer guilty of the above-mentioned offenses at his March 2018 bench trial. It sentenced Shearer to a term of not less than five days nor more than six months' partial confinement at the county correctional facility. Shearer timely appealed. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925.[2]

_____

[2] For reasons that are not apparent from the record, the trial court misstates in its Rule 1925(a) opinion that Shearer did not file a 1925(b) statement. (*See* Trial Court Opinion, 6/27/18, at 1). In any event, the court addressed the suppression issue in its earlier opinion accompanying its order denying Shearer's motion to suppress. (*See* Trial Ct. Op., 4/07/16, at 1-7).

On appeal, Shearer argues that the trial court erred in denying his motion to suppress[3] where Officer Hilliard directed him to perform field sobriety testing based only on an odor of alcohol on his breath. (**See** Shearer's Brief, at 4).[4] Shearer contends that because it is not, *per se*, illegal to consume alcohol before driving, an odor of alcohol on a driver's breath, without more, is not sufficient to constitute reasonable suspicion. (**See id.** at 7-11).

"The three levels of interaction between citizens and police are: mere encounter, investigative detention, and custodial detention." **Commonwealth v. Edwards**, 194 A.3d 625, 632 (Pa. Super. 2018) (citation omitted). When a police officer requests a driver to submit to field sobriety

---

[3] "[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Boyd Chisholm**, 198 A.3d 407, 411 (Pa. Super. 2018) (citation omitted). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." **Id.** (citation omitted). "Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous." **Id.** (citation omitted). "Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review." **Id.** (citation omitted).

[4] Shearer concedes that the initial traffic stop for the equipment violation was legitimate. (**See** N.T. Suppression, 3/24/16, at 12).

tests, the interaction is an investigative detention. *See Commonwealth v. Cauley*, 10 A.3d 321, 327 (Pa. Super. 2010). "[A]n investigative detention, by implication, carries an official compulsion to stop and respond, but the detention is temporary, unless it results in the formation of probable cause for arrest, and does not possess the coercive conditions consistent with a formal arrest." *Edwards*, *supra* at 632 (citation omitted). "Since this interaction has elements of official compulsion[,] it requires reasonable suspicion of unlawful activity." *Id.* (citation omitted).

"Reasonable suspicion is a less demanding standard than probable cause . . . in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause." *Commonwealth v. Butler*, 194 A.3d 145, 148 (Pa. Super. 2018) (citation omitted). "An investigative detention is justified where a police officer [is] able to point to specific and articulable facts leading him to suspect criminal activity is afoot." *Id.* (citation omitted). "In assessing whether the officer had reasonable suspicion, we take into account the totality of the circumstances and give due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience." *Id.* (citation omitted). This Court has found that an officer's detection of the odor of alcohol on a driver warrants further investigation in the form of a field sobriety test. *See Commonwealth v. McElroy*, 630 A.2d 35, 41 (Pa. Super. 1993), *appeal denied*, 673 A.2d 335 (Pa. 1996).

Here, Officer Hilliard testified that he has nine years of experience as a police officer, extensive training in identifying individuals who are under the influence of alcohol, has made well over 300 DUI arrests, and that he encounters individuals who are under the influence of alcohol nearly every day at work. (*See* N.T. Suppression, at 4-5). On the night of the incident, upon approaching Shearer's truck, Officer Hilliard immediately detected a strong odor of an alcoholic beverage emanating from the open drivers' side window. (*See id.* at 7-8). Officer Hilliard also testified that the odor became even stronger the longer that he interacted with Shearer, and that he also incorrectly remembered the name of his destination, telling Officer Hilliard he was going to "Tony's Pizza" rather than "Tommy's Pizza". (*See id.* at 7). Officer Hilliard further testified that based on his training and experience, when an individual has a strong odor of alcohol on his or her breath, it is a sign that the person is intoxicated. (*See id.* at 10).

After review of the record, taking into account the totality of the circumstances and giving due consideration to the inferences drawn by Officer Hilliard in light of his extensive experience in DUI matters, we agree with the trial court's conclusion that the investigatory detention was supported by reasonable suspicion. *See Butler*, *supra* at 148.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/10/2019</u>