J-A21014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                       :          PENNSYLVANIA
                                                       :
            v.                                                     :
                                                       :
                                                       :
THOMAS JOHN DOWDNEY,                  :
                                                       :
             Appellant               :      No. 3928 EDA 2017

Appeal from the Judgment of Sentence November 8, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006175-2016

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.               **FILED MARCH 25, 2019**

Thomas John Dowdney, ("Appellant"), appeals from the judgment of sentence imposed following his conviction, after a stipulated trial, of possession with intent to deliver (marijuana). Appellant challenges the denial of his motion to suppress physical evidence. Specifically, he maintains that the suppression court erred in concluding that the Pennsylvania State Police had probable cause to conduct a traffic stop of his vehicle. We affirm.

After the hearing on the motion to suppress, the Honorable Todd. D. Eisenberg made the following finding of facts:

> The record establishes that, shortly after midnight on May 13, 2016, Pennsylvania State Troopers Nicholas Scrivani and Richard Hawkins were on duty and in full uniform, travelling westbound in a marked patrol vehicle on I-76 near the Philadelphia/Montgomery County border.
>
> During the course of the May 26, 2017 suppression hearing, Trooper Scrivani testified that he observed a Toyota Prius leave

Route 1 and merge into the left lane of westbound I-76 ahead of the troopers' patrol car. Trooper Scrivani testified that the Prius remained in the left lane for approximately a mile and a half without overtaking any other vehicles. Trooper Scrivani further testified that, using the speedometer of his patrol car, he timed the speed of the Prius for approximately one half of a mile at 65 miles per hour in what was a 55 miles per hour zone. Trooper Scrivani testified that he then observed the Prius drift onto the left shoulder and then make an abrupt swerve before merging into the right lane.

The troopers effected a traffic stop of the Prius. A video of this traffic stop was recorded on the dash cam of the patrol vehicle. A copy of this video was entered into evidence as C-1. The video reflects that, after stopping the Prius, the troopers asked the driver - [Appellant] - for his identification and informed him that he had been going 65 miles per hour in a 55 mile per hour zone. [Appellant] acknowledged that he had been speeding, but asserted that he had only been going 60 miles per hour. The troopers also requested and were given identification by the other occupant of the Prius, a male who was sitting in the front passenger seat.

The troopers then returned to their patrol car to "run" the identification, leaving [Appellant] and the passenger in the Prius. The video reflects that, in the patrol car, the troopers commented to each other that the Prius "reeked" of marijuana. Trooper Scrivani testified during [Appellant's] suppression hearing that the smell of marijuana was "overwhelming."

The troopers returned to the Prius and [Appellant] was removed from the vehicle, Trooper Scrivani administered a field sobriety check, which [Appellant] passed. Trooper Scrivani told [Appellant] that the Prius smelled of marijuana, and [Appellant] admitted that he had smoked some marijuana that night and asserted that he had been at a concert where many people had been smoking marijuana. [Appellant] first told Trooper Scrivani that there was no marijuana in the car. When the trooper told him that the car smelled of marijuana and he was going to search it, [Appellant] stated that he had a marijuana grinder on the front seat that contained a small amount of marijuana.

Trooper Scrivani conducted a brief pat down search of [Appellant]−which revealed nothing−and told [Appellant] that,

- 2 -

because of the smell of marijuana, he was going to search the Prius. The video depicts Trooper Hawkins retrieving what appears to be the marijuana grinder from the car. Trooper Scrivani told the Appellant that he was still going to search the Prius but that, if the grinder and small amount of marijuana was all there was, [Appellant] would be on his way in twenty minutes.

Upon opening the trunk of the Prius, Trooper Scrivani observed a backpack. The trooper initially was unable to open the backpack. [Appellant] volunteered an explanation as to how the backpack opened. When the trooper opened the backpack, he discovered bags of what the trooper estimated to be approximately two pounds of marijuana.

Trooper Scrivani then−without first apprising [Appellant] of his rights under **Miranda v. Arizona**, 384 U.S. 436 (1966)−proceeded to question [Appellant] concerning the marijuana. During the course of this questioning, [Appellant] made a number of incriminating statements, including, *inter alia*, that he was, selling marijuana in order to pay off his student loan debts. Trooper Scrivani told [Appellant] that, if he told the trooper who his source was for the marijuana, he might be able to go home that night, otherwise, he was facing a felony charge. When [Appellant] continually refused to reveal the source of the marijuana, Trooper Scrivani ultimately placed [Appellant] in handcuffs, took him to the patrol vehicle, and only then gave the [Appellant] his **Miranda** warnings.

Order Sur [Appellant's] Motion to Suppress Physical Evidence and [Appellant's] Statements ("Order Sur Motion"); 6/14/17, at 1-4 (quotation marks in original); **see also** Trial Court Opinion, 3/20/18, at 1-3 (adopting factual findings of suppression court)).

At the hearing on the motion to suppress, the defense did not present any evidence. **See** N.T. Motion to Suppress, 5/26/17, at 45. Judge Eisenberg denied Appellant's motion to suppress the physical evidence of the marijuana. **See** Order Sur Motion, at 4. However, he granted suppression of all

statements made by Appellant after the discovery of the two pounds of marijuana in the trunk, before the troopers informed Appellant of his *Miranda* rights. *See id.,* at 6.

After the suppression decision, Judge Eisenberg recused himself. The case was reassigned to the Honorable Gail Weilheimer. On November 8, 2017, after a stipulated bench trial, Judge Weilheimer found Appellant guilty of possession with intent to deliver and imposed the agreed-on sentence of five years' probation. *See N.T.* Stipulated Bench trial, 11/08/17. This timely appeal followed.[1]

In his brief, Appellant originally presented two questions for our review:

I. Whether the [suppression] court erroneously ruled, pursuant to Article I, Section 8 of the Pennsylvania constitution, that the Pennsylvania state police had probable cause to conduct a traffic stop of the Appellant's vehicle?

II. Whether the [suppression] court erroneously ruled pursuant to the Fourth and Fourteenth Amendments to the United States constitution, that the Pennsylvania state police had probable cause to conduct a traffic stop of the Appellant's vehicle?

(Appellant's Brief, at 3) (unnecessary capitalization removed). However, on appeal Appellant has abandoned his second question. *See id.,* at 15. Therefore, it is unnecessary to review Appellant's second claim, and we decline to do so.

_____

[1] Appellant filed a court-ordered statement of errors on February 2, 2018. Judge Weilheimer filed a trial court opinion on March 20, 2018. *See* Pa.R.A.P. 1925.

Appellant's sole remaining claim asserts that the trial court erred under the Pennsylvania Constitution in concluding that Trooper Scrivani had probable cause for the traffic stop. *See* Appellant's Brief, at 3, 8-13. We disagree.

Preliminarily, although Appellant invokes Article I Section 8 of the Pennsylvania Constitution, he fails to perform the analysis required when a claim implicates a provision of the Pennsylvania Constitution. *See id.*; *see also Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991);[2] *accord*, *Commonwealth v. Arter*, 151 A.3d 149, 156 (Pa. 2016). Therefore, Appellant's failure to develop an argument which addresses the *Edmunds* factors waives his claim under the Pennsylvania Constitution.

Our standard of review for the denial of a motion to suppress is well settled:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn

---

[2] In pertinent part, *Edmunds* provides:

> Accordingly, as a general rule it is important that litigants brief and analyze at least the following four factors:
>
> 1) text of the Pennsylvania constitutional provision;
> 2) history of the provision, including Pennsylvania case-law;
> 3) related case-law from other states;
> 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence.

*Edmunds*, 586 A.2d at 895.

from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). "In appeals from suppression orders, our scope of review is limited to the evidence presented at the suppression hearing." *Commonwealth v. Caple*, 121 A.3d 511, 517 (Pa. Super. 2015) (citation omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

Here, Appellant asserts the suppression court erred in finding the troopers had probable cause to stop his vehicle.

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime.

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks and citation omitted).

The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability,** and not a *prima facie* showing, of

- 6 -

criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Id.* (emphasis in original) (internal citations and quotation marks omitted).

Our Supreme Court has further explained that if there is a legitimate stop for a traffic violation based on probable cause, additional suspicion may arise before the initial stop's purpose has been fulfilled, and detention may be permissible to investigate the new suspicions. **See Commonwealth v. Chase**, 960 A.2d 108, 115 n.5 (Pa. 2008) (collecting cases).

Applying these principles to the totality of the circumstances in this case, we have no hesitation in concluding that the suppression court properly determined that Trooper Scrivani had probable cause to stop Appellant for speeding and the other cited violations of the Vehicle Code. We note that the suppression court "fully credit[ed]" Trooper Scrivani's testimony on the use of his speedometer to determine that Appellant was speeding. Order Sur Motion, at 4.

The record, specifically the testimony of Trooper Scrivani, supports the factual findings of the suppression court. The suppression court properly found that Trooper Scrivani had probable cause to stop Appellant for violation of 75 Pa.C.S.A. § 3362(a)(2), speeding over 55 miles per hour, and 75 Pa.C.S.A. § 3313(d)(1), driving in right lane except when overtaking and passing another vehicle. **See**, N.T., 5/26/17, at 8 (Trooper Scrivani testifying that he followed Dowdney's vehicle for approximately one half mile in the left lane, while passing no vehicles and traveling at 65 m.p.h. in a 55 m.p.h. zone).

- 7 -

Appellant purports to challenge the factual findings of the suppression court by offering more favorable interpretations of the dash cam video and adding pure speculation about whether Trooper Scrivani actually intended to effect a traffic stop for speeding. **See** Appellant's Brief, at 8-10. However, such musings, in addition to being obviously self-serving, are beyond the scope of our review, which is confined to the evidence presented at the suppression hearing. **See Caple**, 121 A.3d at 517.

Moreover, the trooper was not required to bring a certificate of calibration to the suppression hearing. Probable cause is determined as of the time of the stop, not at the subsequent hearing. **See Thompson**, 985 A.2d at 931. Further, the trooper's uncorroborated opinion that Appellant was speeding was sufficient to establish probable cause. **See Commonwealth v. McElroy**, 630 A.2d 35 (Pa. Super. 1993).

We find no basis to disturb the suppression court's finding of probable cause. The court properly denied Appellant's motion to suppress physical evidence

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/19